IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GWENDOLYN THOMPSON, individually
and on behalf of all those similarly
situated,

              **Plaintiff,**        Case No.

v.

**CONSUMER CREDIT CARD RELIEF, LLC**

              **Defendant.**

_____/

## CLASS ACTION COMPLAINT

Plaintiff, Gwendolyn Thompson, appearing both individually and on behalf of all others similarly situated, by and through her attorneys, brings this class action against the Defendant Consumer Credit Card Relief, LLC ("Consumer Credit Card Relief" or "Defendant"), based upon personal knowledge as to her own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

### NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2. This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the

---

[1] The amendment to the FTSA became effective on July 1, 2021.

proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

3. The Defendant provides debt consolidation services.

4. The Defendant uses automated systems to make outbound pre-recorded telemarketing calls to hundreds if not thousands of consumers across U.S., soliciting consumers to solicit the purchase of their services.

5. By doing so, the Defendant has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059. The Defendant has caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales calls to their phones. The Defendant also violated the TCPA

6. Through this action, Plaintiff seeks injunctive relief to halt the Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the FTSA and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of The Defendant described herein.

## THE PARTIES

7. Plaintiff Gwendolyn Thompson is a citizen of Mississippi.

8. Defendant Consumer Credit Card Relief, LLC is a Florida limited liability company with its principal place of business in Oakland Park, FL.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the FTSA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendant.

10. This Court has general jurisdiction over Defendant because it is headquartered in this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing calls that are the subject of this lawsuit were sent and organized from this District.

### STATEMENT OF FACTS

12. Plaintiff Thompson's telephone number, (XXX) XXX-3072, is assigned to a cellular telephone service.

13. On October 27, 2021, the Plaintiff received a pre-recorded call regarding debt relief services.

14. The call played a recorded message, which stated:

> Hey, its Rebecca again from credit advantage and I figured I'd try you one last time regarding your online request for getting some financial help as I was able to get you an approval that I'm sure you're going to like so just go ahead and call me back so I can give you the details and again just know that the program is on a first come first serve basis so just call me back soon to finalize the details if you think this can help. My number is (888) 254-1269.

15. In addition to being a recorded message to a listener, the message was recorded because (a) there was a definite pause prior to each recording being played (b) the recording message was generic in nature.

16. Plaintiff was not seeking debt relief services.

17. To identify the company calling her illegally, the Plaintiff returned a call to (888) 254-1269.

18. Other individuals have complained about receiving telemarketing calls asking to call back that number. *See e.g.* https://800notes.com/Phone.aspx/1-888-254-1269 (Last Visited March 28, 2022).

19. The Plaintiff spoke with "Richard", an employee of the Defendant.

20. "Richard" promoted the Defendant's debt relief services and provided her with the Defendant's website to learn more about their offerings.

21. "Richard" then provided the Plaintiff with a call back number of (888) 407-4082.

22. Neither Plaintiff nor any other members of the proposed class ever provided the Defendant with prior express written consent to receive the telephonic sales calls.

23. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines and prevented them from receiving from legitimate communications.

24. In response to this unsolicited telephonic call, Plaintiff files this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Class, attorneys' fees, and costs.

## CLASS ALLEGATIONS

25. Plaintiff seeks to represent classes ("Classes") of similarly situated individuals pursuant to FRCP 23(b)(2) and (b)(3), consisting of:

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the United States who, (1) received a telephonic sales call regarding Consumer Credit Card Relief goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) from July 1, 2021 through the date of trial.

> **Telephone Consumer Protection Act Pre-Recorded Call Class:** All persons in the United States who (1) Consumer Credit Card Relief, or a third party on their behalf, (2) contacted on their telephone number assigned to a cellular service, (3) who received the same or similar pre-recorded message used to contact the Plaintiff (4) from the four years prior to the filing of the complaint through the date of trial.

4

26. Defendant and its employees or agents are excluded from the Classes. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

27. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

## Numerosity

28. Members of the Classes are so numerous that their individual joinder is impracticable.

29. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Classes number in the thousands.

30. The precise number of Classes' Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

31. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

32. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

33. Common legal and factual questions include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act, Florida Telephone Solicitation Act ("FSCA"), Fla. Stat. § 501.059 subsection and violated Plaintiff's rights in violation of Florida and federal law; and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

34. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

35. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

36. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority

37. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

38. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

39. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

40. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

41. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

42. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class

43. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

44. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

45. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

46. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

47. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

48. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

49. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

50. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Telephone Consumer Protection Act Pre-Recorded Call Class)

51. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

52. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class using pre-recorded voices to numbers assigned to a cellular telephone service.

53. The Defendant's violations were negligent, willful, or knowing.

54. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

55. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls using pre-recorded message, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against the Defendant, as follows:

(a) For an order certifying the Classes under FRCP 23(b)(2) and (b)(3) and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Class;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Class on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

(i) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

Dated: April 5, 2022

/s/ *Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative classes*